Ruffin, Chief Justice.
 

 This was an action of debt on the official bond of the defendant as sheriff of Surry county; and the breach assigned is for not duly executing a writ of
 
 fieri
 
 facias, in favor of the relator against one Walker for $1,192 and costs, by a sale of property taken thereon by the sheriff. . The plea was “conditions performed,” and issue was taken thereon. On the trial a case was stated, on which the
 
 *319
 
 jury found a verdict for the plaintiff for the whole amount of the relator’s debt and costs; but subject to be corrected by reducing the damages to five cents, if, in the opinion of the court, the relator was entitled to nominal damages only; or to be set aside and a verdict entered for the defendant, if, in the opinion of the court, the relator had sustained no injury and was not entitled even fo nominal damages.
 

 The following is the substance of the case reserved: The relator recovered a judgment against Walker in the Superior Court of Surry on the 1st Monday of September, 1836, and thereon issued a
 
 fieri facias,
 
 and delivered it to the sheriff on the 17th of November, 1836. On the 15th of December, the sheriff endorsed thereon a levy in these words: “Levied on 1,300 acres of land, adjoining T. B. Wright and others, in seven different- tracts; three negroes, Dinah, Rachel and Martha, a yoke of steers and cart, 5-head of horses, 20 head of hogs, 8 head of cattle, and all the defendant’s household and kitchen furniture, subject to older executions previously levied.” And at March Term, 1837, returned the writ with that endorsement and nothing more. The plaintiff then commenced this action. The property mentioned in the return was not of greater value than the sum of $2,000. At the time the relator’s execution was delivered, and at the time of its
 
 tesie,
 
 the sheriff had- in his hands writs of
 
 fieri facias
 
 at the suit of other'creditors of Walker, bearing
 
 teste
 
 before that of Buckley, to the amount of about $10,000, which the sheriff had levied on the- same property, and on which he did not sell, because the creditors therein instructed him not to do so. On these writs the sheriff returned .the levies, and that “ the plaintiffs had indulged.” At the same time the sheriff had in-his hands other writs of
 
 fieri facias,
 
 bearing
 
 teste
 
 before that- of Buckley, to the further amount of near $10,600, which he had also levied on the same property, and on which, without any directions from the plaim tiffs therein, he omitted to sell, and'made a return of the levies and “not satisfied.” After the institution of this suit, the sheriff, on writs of
 
 venditioni exponas,
 
 founded on his returns before mentioned, made a sale in the summer of 1837, and paid the money into court, where the whole of it
 
 *320
 
 was applied to the executions that were older than the re-
 

 The counsel for the plaintiff contended that the class of creditors, who had directed the sheriff not to proceed on their executions to a sale, thereby lost their priority, and that the sheriff should have sold on the relator’s execution and satisfied it: and, likewise, that the delay of the sheriff, and his neglect in not proceeding on the writs of the other creditors, who did not instruct him not to sell, gave those creditors their remedy against the sheriff, and was as injurious to the relator, as if the sheriff had acted upon instructions, and not upon his own responsibility; and therefore that those executions did not protect him against the relator. For which reasons it was insisted, that, as the property seized was of greater value than the relator’s claim, the verdict should stand as first given by the jury. The court, admitting that the indulgence given by the first class of creditors did deprive them of their preferable right of satisfaction, was of opinion that the second class of creditors did not lose their priority by the negligence of the sheriff; and, as the property was not of value sufficient to satisfy those creditors, that the relator would not have been entitled to any part of the money that would have been raised by the sale, if one had been made. For which reasons the court was further of opinion', that the relator had sustained no damage from the failure of the sheriff to sell, and therefore could not maintain an action therefor; and directed the verdict and judgmentto be entered for the defendant, from which the relator appealed.
 

 We concur in the opinion that the relator was not entitled to retain his verdict for his debt and costs. Upon the principle insisted on for him, the sheriff made himself liable to the whole second class of creditors and to the relator for about $11,000 by not selling property to the value of $2000. But that cannot be true; At the utmost a creditor is entitled to recover from the sheriff such a proportion of the value of the property, which ought to have been sold, as would, if there had been a sale according to the duty of the sheriff, have been applicable to the execution of that creditor. Now, the other creditors, who did not interfere with the due exe
 
 *321
 
 cation of their writs, no more lost their rights, as against the property, by the neglect of the sheriff to sell on them, than the relator lost his right by the sheriff’s default on his writ, Each can recover from the officer the damages sustained by himself from the consequences to him of the default. If the sheriff had made no default here, but had sold the property, the proceeds would have gone to those creditors, who had been more diligent than the relator in getting execution, and who, not more than himself, had impeded the action of the sheriff thereon. Indeed, under the circumstances here, the sheriff might have refused to consider the property as seized under the relator’s execution, and have well returned
 
 nulla bona.
 
 The relator has therefore sustained no substantial loss, and could not justly claim more than nominal damages.
 

 But clearly we think he is entitled to nominal damages. Wherever one person binds himself to another by contract to do a particular act, or is charged by the law to perform an act as a duty to another person; i'n either case the non-performance is, legally speaking, necéssarily an injury to the person, to whom the duty ought to have been performed; and for every injury the law intends some recompense, though for some it may deem a nominal recompense adequate. In this case the sheriff might justifiably have returned
 
 nulla bona.
 
 He did not think proper to do so and take the risk of an action for a false return; but he chose to levy the relator’s execution on the property, and thereby to admit that, after satisfying preferable executions,' there might be something left to be applied to the relator’s satisfaction. Now, it is not only the duty of a sheriff, when he receives afierifa
 
 cias,
 
 to seize property if he can find it, but it is also his' duty to sell the property seized before .the return of the writ, unless he have some lawful excuse for not doing so, such as the want of time or of bidders, or the indulgence of the creditor. Here there was no sale, nor any excuse for not selling; and therefore an action arose to the relator, upon the return of the writ, which was not defeated by the subsequent events. It is no answer to his claim for damages, that he would have received none of the proceeds of a sale,5 if it
 
 *322
 
 had been made; for it is for the benefit of
 
 the creditor to
 
 "know even that in apt time. It may save him, if nothing 'else, the useless expense of another execution on his judgment. At all events, he has a right to know all that can be done on his execution and what is the state of his debt, in order that he may adopt such other means for its recovery, as the knowledge of what has been done may suggest. In
 
 McRae
 
 v.
 
 Evans,
 
 1 Dev. & Bat. 243, it was held that not returning an execution,
 
 simpliciter,
 
 gave the plaintiff an action, though it entitled him to but nominal damages. That was on the same principle, which governs the present case. A sheriff is bound to sell goods seized, or to attempt to sell them; and for a failure to do either, he is certainly liable to the plaintiff’s action, in which there must be a recovery of nominal damages at the least.
 

 Our opinion, therefore, is, that the judgment must be reversed, and the verdict for the plaintiff re-instated, but the damages reduced to five cents; for which and the costs there must be judgment against the defendant.
 

 Per Curiam, Judgment accordingly.